IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KEITHES MONTEL JONES                                                                                           PLAINTIFF

v.                    Civil No. 6:24-CV-06059-SOH-MEF

NURSE GOODMAN, Ouachita River Correctional Unit,
Arkansas Division of Correction                                                                               DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Keithes Montel Jones, a prisoner at the Ouachita River Correctional Unit ("ORCU"), Arkansas Division of Correction ("ADC"), filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff proceeds *pro se*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purposes of making a Report and Recommendation.

This Court previously granted Plaintiff's application to proceed *in forma pauperis* ("IFP"). (ECF No. 6). Pursuant to 28 U.S.C. § 1915A of the Prison Litigation Reform Act ("PLRA"), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon that review and for the reasons outlined below, this Court recommends that Plaintiff's Complaint be dismissed as time barred.

### I.   BACKGROUND

Plaintiff alleges that between September 18, 2018, to October 20, 2018, he was in his cell at the ORCU when Defendant Nurse Goodman "stormed in the barracks" and told him that if he did not come out of his cell for her to administer a shot, she would call the guards to forcibly

1

administer it. (ECF No. 1, p. 4). Plaintiff says he agreed to leave his cell and allowed Defendant Goodman to administer the shot because he did not want to receive any disciplinary charges. *Id.*, p. 5. But Plaintiff contends that when he exited his cell, Defendant Goodman administered more than the "legal limit" of the flu vaccine to his left side. *Id.* Plaintiff says that he experienced a negative reaction to the vaccine—his jaw and other joints "locked up" and he started foaming at the mouth. *Id.* Plaintiff also contends that the flu vaccine damaged his brain and that he has been hearing voices in his head ever since. *Id.* Plaintiff identifies Defendant Goodman in her personal capacity only. *Id.* He requests compensatory damages in the amount of $200,000,000. *Id.* at p. 9.

## II. LEGAL STANDARD

Pursuant to the PLRA, the Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A *pro se* complaint, moreover, must be liberally construed, meaning "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). However, "they still must allege sufficient facts to

2

support the claims advanced." *Id.* at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

### III.   DISCUSSION

Plaintiff fails to specifically assert any cause of action. Instead, Plaintiff states he was "forced to take medication." (ECF No. 1, p. 4). Recognizing that *pro se* complaints are to be liberally construed, this Court views Plaintiff's claim as asserting that he was forced to take medication in violation of the Eighth Amendment prohibition against cruel and unusual punishment. As there is no direct cause of action under the United States Constitution, this Court further construes Plaintiff's Complaint to allege a cause of action under 42 U.S.C. § 1983. *See Quality Refrigerated Services, Inc. v. City of Spencer*, 908 F.Supp. 1471, 1487 n.9 (N.D. Iowa 1995) ("There is simply no direct cause of action arising out of the Constitution itself against municipal officials for alleged constitutional violations.").

To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 itself does not include a specific statute of limitations period. Instead, "§ 1983 claims accruing within a particular state are to be governed by that state's general personal-injury statute of limitations." *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Here, Plaintiff says that the incident that gives rise to his claims took place at the ORCU in Malvern, Arkansas from September 18, 2018, to October 20, 2018. (ECF No. 1, p. 4). In Arkansas, the general personal-injury statute of limitations is three years. *Id.*; *see also Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (Arkansas three-year personal injury statute of

3

limitations applies to § 1983 actions).

In this case, Plaintiff describes only one instance where Defendant Goodman administered an incorrect dosage of the flu vaccine, causing him injury. (ECF No. 1). Although he claims the facts giving rise to his claim occurred "between September 18, 2018, to October 20, 2018," he fails to assert any specific date for the occurrence. In any event, even if the factual predicate of Plaintiff's claims occurred on October 20, 2018, Plaintiff's claims still fall well outside the three-year statute of limitations period.

Arkansas's so-called savings statute, furthermore, does not save Plaintiff's claims. Pursuant to that statute, "[i]f any action is commenced within the time ... prescribed ... and the plaintiff suffers a nonsuit ... the plaintiff may commence a new action within (1) one year after the nonsuit." Ark. Code Ann. § 16-56-126. Here, however, Plaintiff does *not* claim that he first initiated this lawsuit within the three-year statute of limitations period, but the case was later dismissed without reaching a decision on the merits. Accordingly, Plaintiff's Complaint should be dismissed without prejudice as time barred.

## IV.   CONCLUSION

Having reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the undersigned RECOMMENDS that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE.** Further, Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g), and thus, the Clerk is **DIRECTED** to place a § 1915(g) strike flag on the case for future judicial consideration.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

  **STATUS OF REFERRAL: NO LONGER REFERRED**

DATED this 10th day of May 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE